**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Brandon Che Lee, | **2:16-cv-01987-JAD-PAL** |
| Plaintiff | |
| v. | **Order Dismissing and Closing Case** |
| To be Named, | |
| Defendant | |

On October 12, 2016, I granted pro se plaintiff Brandon Che Lee's request for an extension of time to file a fully completed application to proceed *in forma pauperis* and gave him until November 4, 2016, to do so.[1]  Acknowledging Lee's letter declaring his difficulties obtaining a copy of his prison trust-account statement, I instructed Lee that, if he continued to have difficulty obtaining a financial certificate and an inmate statement from prison officials, he should file an affidavit "detailing when he requested the documents, who he spoke to about the status of the documents, who he followed up with after he did not receive the documents, and their responses."  If Lee's affidavit demonstrated that he had done all that was possible to acquire the documents, I would consider his application to proceed *in forma pauperis* complete.[2]

The November 4th deadline has expired, and Lee has not filed a completed application or an affidavit that satisfactorily explains his inability to do so.  Instead, in a letter dated October 19, 2016, Lee wrote to inform the court that he is being held illegally by the Bureau of Prisons.[3]

---

[1] ECF No. 9.

[2] *Id.* at 2.

[3] ECF No. 10-1.

1    District courts have the inherent power to control their dockets and "[i]n the exercise of that

2    power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4]  A court

3    may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order,

4    or failure to comply with local rules.[5]  In determining whether to dismiss an action on one of these

5    grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2)

6    the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

7    favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

8    The first two factors, the public's interest in expeditiously resolving this litigation and the

9    court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of

10   prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises

11   from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an

12   action.[7]  A court's warning to a party that his failure to obey the court's order will result in dismissal

13   satisfies the fifth factor's "consideration of alternatives" requirement.[8]  My order requiring Lee to file

14   a completed IFP application or an affidavit by November 4, 2016, expressly warned Lee that his

15   failure to do so would result in the dismissal of this action.  The fourth factor—the public policy

16   favoring disposition of cases on their merits—is greatly outweighed by the factors favoring

17   dismissal.  Accordingly,

18

19   [4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

20   [5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local
21   rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply
     with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir.
22   1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court
23   apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for
     failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
24   (dismissal for lack of prosecution and failure to comply with local rules).

25   [6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*,
26   963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

27   [7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

28   [8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

1    IT IS HEREBY ORDERED that **this case is DISMISSED without prejudice**.  The Clerk of

2  Court is instructed to CLOSE THIS CASE.

3    Dated this 16th day of November, 2016.

4    _____
     Jennifer A. Dorsey

5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28